FILED 11 JAN 26 14:31 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-385-RE |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| ELEUTERIO SATURNINO RUIZ-SALOMON, | |
| Defendant. | |

REDDEN, Judge:

Before the court is defendant Eleuterio Saturnino Ruiz-Salmon's motion (doc. 182) to withdraw his plea of guilty. On December 7, 2010, the court held oral argument and inquired into the reasons for defendant's motion. I DENY the motion.

On September 4, 2008, a federal grand jury returned a Superseding Indictment charging

PAGE 1 - OPINION AND ORDER

defendant and four others with Conspiracy to Manufacture Marijuana in an amount exceeding 1,000 marijuana plants. On September 17, 2010, defendant met with Magistrate Judge Papak and the Assistant U.S. Attorney for a settlement conference. Defendant was represented by counsel and assisted by a Spanish-speaking interpreter. At the conclusion of that meeting, defendant agreed to plead guilty to the single count indictment without a plea agreement.

With the assistance of counsel and a Spanish speaking interpreter, defendant reviewed and signed a plea petition containing 25 paragraphs in English, each followed by the Spanish language translation. See Plea Petition (doc. 180); Mot. to Withdraw Guilty Plea (noting all meetings between defense counsel and defendant conducted with assistance of interpreters). In the petition, defendant specifically acknowledged that his attorney had counseled him as to the nature of the charge, any possible defenses he might have, the trial rights he was forfeiting, and his sentencing exposure including the potential maximum and mandatory minimum sentences. Id. ¶¶ 3, , 7-8, 10. He also admitted the facts establishing his guilt. Id. ¶ 24. Defense counsel certified that he fully explained to defendant the charges and possible defenses, and the potential penalties. See Cert. of Counsel (doc. 180).

On September 28, 2010, I held a change of plea hearing and engaged in a Rule 11 plea colloquy with defendant to ensure his guilty plea was made knowingly, voluntarily, and intelligently. Defendant was represented by counsel and assisted by a Spanish-speaking interpreter. Assistant United States Attorney ("AUSA") Jennifer Martin summarized the nature of the charge against defendant (*i.e.*, conspiracy to manufacture more than 1,000 marijuana plants) and noted the "maximum sentence for that offense is imprisonment for life, with a mandatory minimum of ten years of imprisonment, a fine of $4 million and at least five

PAGE 2 - OPINION AND ORDER

years of supervised release, together with a $100 fee assessment." Sept. 28, Tr. of Proceedings, at 3. AUSA Martin also described defendant's role in the conspiracy, and summarized the evidence against him.

Defendant stated under oath that he was not under the influence of any drugs or alcohol, but was taking ibuprofen for pain. Id. at 8. I explained defendant's right to plead not guilty and each of his various trial rights. Id. at 9-10. Defendant acknowledged those rights and stated that he was pleading guilty on his "own volition." Id. 10:9-13. Defendant acknowledged that he understood both the maximum penalty and the mandatory minimum ten-year sentence. Id. at 10:18-23. Defendant then admitted the facts establishing his guilt and confirmed that his guilty plea was not the result of force, threat or intimidation. Id. After defense counsel confirmed that he had fully explained all the matters contained in the plea petition, I found that defendant's guilty plea was made "freely, voluntarily, not out of ignorance, fear or coercion, and I [found] that the defendant has admitted facts that prove each of the necessary elements to the crimes to which he pled guilty." Id. at 15. Accordingly, I accepted defendant's guilty plea.

On December 3, 2010, defendant moved to withdraw his guilty plea. On December 7, 2010, I held a hearing and inquired into the basis for defendant's motion. Defendant stated under oath that he pled guilty because "they told me they were going to give me ten years. And if I didn't cooperate and if I went to trial, that they could even give me a life sentence. And I became afraid." Tr. 7:17-20. He stated that "it's not fair because they gave less time to my companion." Tr. 8:4-5. Defendant suggested that he felt "threatened" at the September 17, 2010 settlement conference Judge Papak, and that he pled guilty because he was "frightened." Tr. 10:25.

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a

PAGE 3 - OPINION AND ORDER

guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Cr. P. 11(d)(2)(B). The defendant bears the burden of establishing a "fair and just reason." United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005). While the defendant is not permitted to withdraw a guilty plea "simply on a lark, the 'fair and just' standard is generous and must be applied liberally." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (citation omitted). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, <u>or any other reason for withdrawal that did not exist when the defendant entered his plea</u>." Davis, 428 F.3d at 805 (emphasis in original; citation omitted). Erroneous or inadequate legal advice may constitute a fair and just reason where a defendant shows that counsel's "gross mischaracterization [of a possible sentence] plausibly could have motivated his decision to plead guilty." Id.

Here, defendant does not challenge the adequacy of his plea colloquy, allege newly discovered evidence, intervening circumstances, or any other reason for withdrawal that did not exist when the defendant entered his plea. Rather, defendant argues that he has no more than a sixth-grade education from Mexico and that he did not understand the implications of waiving his right to a jury trial, the likelihood of a ten-year mandatory minimum sentence, or his right to compel the government to prove every element of the case against him. Defendant contends that he never really understood the consequences of pleading guilty, and that he was frightened and overwhelmed by a potential for a maximum life sentence. None of these reasons justify withdrawal of a guilty plea.

Defendant's reasons for seeking withdrawal are directly contradicted by his signed plea petition and his statements under oath during the Rule 11 plea colloquy. Defendant's first basis

for withdrawal, his education level, existed at the time of the Rule 11 colloquy and there is no indication that his lack of education interfered with his ability to understand the proceedings or respond appropriately to the court's questions. Further, defendant's signed plea petition and his responses to the court's questions at the change of plea hearing demonstrate that he understood of the implications of waiving his right to a jury trial, the likelihood of a ten-year mandatory minimum sentence, and his right to compel the government to prove every element of the case against him. Defendant had the assistance of a court-certified Spanish language interpreter throughout the change of plea hearing. At no point during the plea colloquy did he express confusion, request time to confer with counsel, or ask the court for clarification of any of the questions posed to him.

Defendant's suggestion that the government "threatened" him or that he felt "frightened" is simply not supported by the record. When asked if he was pleading guilty, defendant calmly and deliberately responded, "I am pleading guilty just on my own volition." Tr. at 10. Based on his testimony at the hearing on the motion to withdraw, it is clear that defendant's motion boils down to the fact that he had a change of heart because one of his co-conspirators received a lesser sentence. This is not a fair and just reason for allowing withdrawal of a guilty plea. Accordingly, the motion is DENIED.

IT IS SO ORDERED.

DATED this _26_ day of January, 2011.

_____
James A. Redden
United States District Court Judge